[No. 9687-4-III. Division Three. June 14, 1990.]

ELVIRA BLISS, *Appellant,* v. THE CITY
OF NEWPORT, *Respondent.*

*Richard C. Eymann, Feltman, Gebhardt, Eymann & Jones, Robert A. Dunn,* and *Winston & Cashatt,* for appellant.

*J. Scott Miller* and *Turner, Stoeve, Gagliardi & Goss,* for respondent.

SHIELDS, J.—Elvira Bliss recovered a $48,000 judgment against the City of Newport for damages incurred from a sewage flood of her home. As a result of the City's posttrial motion, the court credited $17,325.72 against the judgment for cleanup costs paid by the City's insurance company prior to trial. Mrs. Bliss appeals the credit and the City cross–appeals the amount. We affirm the credit and its amount.

Mrs. Bliss sued the City for damages on theories of negligence, trespass[1] and nuisance. Before trial, the City moved to exclude evidence on the damages previously paid by the City's insurer, or in the alternative, to allow an offset for the amounts paid. The trial court denied the motion, permitting the cost of repairs to be introduced in evidence, but not the facts regarding the payment of those costs or the compromised amounts. While recording its ruling, the court stated:

> THE COURT: As to this matter of mitigation, I think it was determined that, first of all, as to the offset, that the offset will not be talked about at trial, but that the amount of the offset will be—I don't know if the amount is in dispute; at least I don't understand that it is, but I guess if it was, then that would be a matter to be determined by the court, and then the offset would be deducted from any judgment. That's the understanding. Is that correct?
> MR. MILLER: Yes, your Honor.

---

[1]The trespass action was abandoned by Mrs. Bliss.

MR. EYMANN: It's my understanding with regard to the offset, No. 1, whether the offset is proper and as to the amount would be ruled later on by your Honor.

THE COURT: Okay.

Later, during that same hearing, the court stated:

THE COURT: All right, the only other note I had would be about the repairs and that the plaintiff would introduce evidence of the reasonable cost of the repairs, as opposed to the actual— this other side deal, or whatever it was, as to the cost of repairs.

MR. MILLER: It was originally defendant's motion that the plaintiff not be allowed to introduce evidence of the costs of repairs. It's my understanding the court's determined that the testimony on the cost will be admissible, but that the issue regarding payment of those costs will not be admitted.

THE COURT: And the word "cost". I'm talking about they're entitled to say what the reasonable cost is as opposed to some negotiated, lower than reasonable figure which was referred to by you in chambers.

MR. EYMANN: Correct.

The jury returned a general verdict in Mrs. Bliss' favor.

Posttrial, the City, asserting the parties had stipulated to an offset, moved for a credit against the judgment for the full amount of the cleaning bills it had compromised and paid prior to trial. The court agreed to the extent of the compromised amount. Mrs. Bliss moved for reconsideration of the court's decision, denying she had stipulated to an offset, but had consented only to a court ruling postponing the question of offset until after trial and, if appropriate, its amount. After hearing evidence on the amount claimed by the City, the court reduced the judgment by $17,325.72, the compromised total of the bills paid by the City.

 Mrs. Bliss argues the trial court erred when it concluded counsel had stipulated to an offset. Our review of the record discloses that the parties stipulated that the matter of the appropriateness of a credit, and if appropriate, the amount of credit, would be decided by the court posttrial and this is what occurred. No evidence was allowed during trial regarding payment by the insurer or of the compromised amounts paid. As noted in *Lange v. Raef*, 34 Wn. App. 701, 705 n.2, 664 P.2d 1274, *review granted,*

100 Wn.2d 1013, *but dismissed on stipulation* (1983), this is an appropriate manner for handling the issue of credits or offsets against a damage claim.

Mrs. Bliss contends *Lange* additionally requires a special verdict form segregating the particular damages which will later be offset by the court. We interpret *Lange* to mean the defendant has a right to introduce evidence of collateral payments[2] made to the plaintiff by it or on its behalf and have the jury determine the issue of offset. If a defendant decides not to introduce such evidence because the defendant does not want to call attention to the presence of insurance coverage, the right to an offset may be preserved by employing one of two methods: a special verdict form may be submitted to the jury which segregates the plaintiff's damages in such a way that the court can determine whether the amounts the defendant has already paid are part of the damages awarded; or, the parties may stipulate to a particular way of handling the offset issues. *Lange,* at 705 n.2, notes:

> By stipulation the parties could have circumvented the problem [of insuring that the judgment reflected the payments under personal injury protection] in several different ways, such as (a) special interrogatories; (b) excluding from the damage instruction any reference to wage loss and medical care; *or (c) leaving the matter to a nonjury determination by the trial court.*

(Italics ours.) The note is in disjunctive form. In effect, *Lange,* at 706, identifies three separate alternative ways of handling offset issues: the parties may introduce evidence of the amount of damage and use a special verdict form to identify each amount, or may exclude any evidence of particular amounts of damage, or may stipulate that the matter be determined by the trial court. A stipulation that there will be an offset is not necessary.

---

[2]The collateral *source* rule does not apply because the source of the collateral payments here is the City's insurer, a fund created by the City by its insurance agreement. *Lange,* at 704.

Here, the City obtained Mrs. Bliss' stipulation that a nonjury determination by the court would decide these issues. Thus, a special verdict form was not required to preserve its claim of offset when the amount of damage was introduced in evidence. To hold otherwise would render Mrs. Bliss' stipulation meaningless. The determination by the court that there be an offset was correct. Finally, regardless of whether the payment is considered an advance payment for specific bills or just advance payment, the verdict was properly reduced by the amount actually paid. To allow the City a credit, however, for an amount in excess of that which was compromised and paid would result in a windfall to the City.[3]

Counsel for the City has requested an award of attorney fees based upon RCW 4.84.185 and CR 11. The fees are denied as the issues addressed herein were not frivolous.

The judgment is affirmed and the argument raised on cross appeal is rejected.

MUNSON, C.J., and THOMPSON, J., concur.

Reconsideration denied August 17, 1990.

---

[3]The bills submitted totaled $24,264.34. The City would be entitled to deduction of the amount paid of $17,325.72. It was brought to this court's attention that Mrs. Bliss has been sued by the City for the difference of $6,938.62. That suit should be dismissed as the issue of Mrs. Bliss' liability for those bills has been litigated and decided in this action.